HENRIETTA AMIS, EXECUTRIX, AND WILLIAM PERKINS, EXE-
CUTOR, OF JUNIUS AMIS, DECEASED, APPELLANTS, v. DAVID
MYERS.

Where a complainant filed a bill on the equity side of the Circuit Court, for an in-
junction to prevent the sale of slaves which had been taken in execution as the
property of another person, the evidence shows that they were the property of the
complainant, and the Circuit Court was directed to make the injunction perpetual.

THIS was an appeal from the Circuit Court of the United
States for the Eastern District of Louisiana.

Junius Amis filed his bill under the following circumstances:
The respondent, David Myers, having obtained a judgment
against William D. Amis, issued execution thereon and caused
to be seized seven slaves. The complainant, Junius Amis, there-
upon filed his bill, claiming these slaves as his property, and
praying an injunction to arrest the sale of them. He made
David Myers and W. F. Wagner, the marshal, parties defendant
to the bill. The injunction was afterwards granted.

David Myers appeared and filed his answer. He admitted
the issuance of the execution as alleged, and he admitted the
marshal's seizure of the property as alleged, and the advertise-
ment for sale under the process; but he denied the complain-
ant's title, and denied all interest in him, legal or equitable, con-
cerning the said slaves. And the defendant further charged that
these slaves were purchased by William D. Amis, of Nathaniel
Hill, in New Orleans, for the sum of five thousand dollars; that
they were delivered to him and taken by him to the plantation
on which he resided, in the parish of Madison, where they re-
mained until the levy aforesaid.

The Circuit Court, upon the final hearing upon bill, answer,
depositions, and proofs, dissolved the injunction, and dismissed
the bill with costs. The complainant appealed to this court,
and, having died, his executor and executrix were made parties.

It was argued by Mr. Goold and Mr. Lawrence, for the appel-
lants, and by Mr. Baxter, for the appellee.

There being no point of law involved in the case, the reporter
does not deem it expedient to insert the arguments upon the
question of ownership, as shown by the evidence.

Mr. Justice CAMPBELL delivered the opinion of the court.
The plaintiff filed his bill in the Circuit Court of the United
States for the Eastern District of Louisiana, to restrain the sale
of certain slaves taken in execution of a judgment of that court,
in favor of the defendant against William D. Amis.

Amis et al. *v.* Myers.

The case of the plaintiff is, that the slaves are his lawful property, and are not subject to the execution of the defendant. The defendant denies this allegation and insists that the property in the slaves is vested in his debtor,

The evidence shows that the slaves were purchased in New Orleans, by the defendant in the execution. He provided the purchase-money by procuring the acceptance and discount of a draft at thirty days date, by a mercantile firm, upon the promise of sending funds for its payment at its maturity. He was disabled from doing this by the occurrence of facts that are detailed in the evidence, and the plaintiff, for his relief, caused the draft to be paid by his own factor, and agreed to take the slaves as his property.

The bill of sale, given to the defendant in execution, did not contain the name of the vendee, but a blank space was left for the insertion of the name. When this arrangement took place, the plaintiff's name was inserted and the paper given to him. The slaves have been at his plantation, and although William D. Amis resides there, no act of mastership is shown, and he denies having any interest in the slaves.

We think this testimony establishes the case of the plaintiff.

It is proper to notice that this case is not one of equitable cognizance. The plaintiff had a clear and adequate remedy at law, under the Code of Practice of Louisiana. C. P. 298, § 7.

It is not usual for this court to take an exception of this nature on its own motion and where no objection has been made by the defendant; but this case is one so clearly beyond the limits of the equitable jurisdiction of the Circuit Court, that the fact is noticed that it may not serve as a precedent.

The decree of the Circuit Court is reversed, and the cause remanded, with directions to enter a decree to perpetuate the injunction.

### Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof it is now here ordered, adjudged, and decreed by this court that the decree of the said Circuit Court in this cause be, and the same is hereby reversed, with costs, and that this cause be, and the same is hereby remanded to the said Circuit Court, with directions to perpetuate the injunction granted in this cause.