January Term, 1862.

BURHANS et al.
v.
JOHNSON.

---

[BURHANS and another vs. JOHNSON.

A subscriber for a county map in advance of its publication, is not bound to accept and pay for it, if it contains *nicknames* of some of the persons designated on it as land owners, and epithets tending to subject them to ridicule.

Oral evidence is not admissible to show an agreement between the parties, at the time of making the subscription, that the map should contain certain engravings; the written contract being silent upon that subject.

But if, at the time of the subscription, the plaintiff, who knew what the map was to contain, falsely represented to the defendant, to induce him to subscribe for it, that it would contain particular plates or be of a particular description, and the defendant signed the contract in consequence of such representation, he may avoid it on the ground of fraud.

Whether the answer should not expressly aver that such representations were falsely and fraudulently made, the case did not require the court to determine.

APPEAL from the Circuit Court for *Dodge* County.

This was an action before a justice of the peace, to recover the price of a map of Dodge county prepared and published by the plaintiffs; one copy of which the complaint alleges that the defendant subscribed for, but refused to receive. The answer, in addition to a general denial, alleges in substance, that at the time the defendant subscribed for a map of Dodge county, the plaintiffs represented to him that said map should contain certain engravings, and that the plaintiffs had never tendered to him a map containing such engravings; that the map tendered by the plaintiffs was "incorrect, inaccurate and not reliable as a map of said county

January Term, 1862.

BURHANS et al.
v.
JOHNSON.

of Dodge;" and that it "contained scurrilous and insulting nicknames of some respectable men in said county." On the trial, all evidence tending to sustain the special allegations of the answer, was excluded. Judgment for the plaintiffs; which was affirmed by the circuit court.

*Edward Elwell* and *Roswell Judson*, for appellant, as to the admissibility of evidence of representations made by the respondents' agent, when he obtained the appellant's subscription, cited 5 Harrison's Dig., p. 733; *Ely vs. Adams*, 19 Johns., 313; *Batterman vs. Pierce*, 3 Hill, 171; 15 Barb., 249; 2 Parsons on Con., 69; *Cole vs. Wendel*, 8 Johns., 116; *Atwater vs. Schenck*, 9 Wis., 160; *Sweet vs. Lee*, 3 M. & G., 452; *Evans vs. Pratt*, id., 759; *Peisch vs. Dickson*, 1 Mason, 11.

*Smith & Ordway*, for respondent:

The action is based on a written contract. The defense does not allege *fraud*, but seeks to add to and vary the written contract; and the evidence offered for that purpose was properly rejected. 1 Greenl. Ev., § 275, and note 3; id., § 287, note 2; *Cooper vs. Tappan*, 4 Wis., 362; 2 Parsons on Con., pp. 77–9, 62–3.

*By the Court*, PAINE, J. The court below clearly erred in refusing to admit the testimony offered by the defendant to show that the map offered him contained nicknames of some of the persons designated as land owners upon it, and epithets having a natural tendency to subject them to ridicule. If the map did contain such things, it would be a libel, and no man having contracted for a map of Dodge county, would be bound to take a map which would be a libel on his neighbors. The argument of the respondents' counsel is, that as the defendant entered into a written contract to take a copy of the map which the plaintiffs were then preparing, and as it was shown that this was such a copy, the defendant was bound absolutely to take it. It was urged that to attempt to excuse him upon the ground that the map contained these insulting epithets, was an attempt to add to the agreement, by parol, conditions and stipulations which the writing did not contain. But we think this is standing too strictly upon

May 15.

the letter of the contract, and disregarding its obvious spirit and meaning. The same argument would have required the defendant to have accepted the map even though it contained obscene pictures. But, without being expressed, it was tacitly implied in such a contract, that the map should be properly a map, and not an indecent picture or a libel. No one contracting to take a map as the defendant did, would ever think of inserting an express provision to guard against these things, for the very reason that any such contract would be interpreted to exclude them by implication. If the plaintiff, therefore, printed a libel on their map, against some of the defendant's neighbors, it was a clear violation of an implied condition of the contract, and the defendant was not bound to take it.

The defendant also offered evidence to show that at the time of making the contract, the plaintiffs represented that the map was to contain things which it did not contain. If this evidence was offered to add something to the agreement, and then show a non-compliance with it by the plaintiffs, it was properly rejected. The argument of the respondents' counsel is correct to that extent. The agreement having been reduced to writing, no new provisions or conditions can be added to it by parol. The only ground upon which such evidence could be admitted in such a case, would be that of fraud. At the time the contract was entered into, the map had not been prepared. The plaintiffs knew what it was to contain, and the defendant, of course, could not know. If, under these circumstances, the plaintiffs falsely represented that it was to contain any particular plates or be of any particular description, to induce the defendant to take it, and he signed the contract in consequence of such representations, he might avoid it on the ground of fraud.

Whether it was the intention of the pleader to aver such fraudulent representations in the answer in this case, does not very clearly appear. The representations are averred, and the defendant offered to show that they were untrue, but it was not expressly averred that they were falsely and fraudulently made. Whether this would be necessary to

admit the evidence on the ground of fraud, it is perhaps not necessary here to determine.

For the reason first stated, the judgment is reversed, with costs, and a new trial ordered.