MARTHA BURRIS, et al. v. JOHN BROOKS.

*Trustee—Liability to Cestuis Que Trust.*

Where plaintiffs' father delivered to defendant a note to be collected and the proceeds to be paid over to plaintiffs when they should become of age, and on the father's death the note was allotted to the widow as a part of her year's allowance, and, in compliance with the written order of a justice of the peace acting with the commissioners who laid off such allowance, the defendant delivered the note to the widow, who collected the same and retained it; *Held*, that the defendant is liable to the plaintiffs for the amount of the note and interest, he being a trustee thereof and the order of the justice of the peace, who had no jurisdiction over him or the fund, was no justification for the breach of trust.

BURRIS v. BROOKS.

CIVIL ACTION, tried before *Bryan, J.,* and a jury, at Fall Term, 1895, of STANLY Superior Court. The material facts are stated in the opinion of Associate Justice MONTGOMERY.

The defendant testified as follows: "Hinson requested me to take the notes, and at proper time to collect and keep the money until the two girls came of age, and pay over to them. I told him I would take the notes and do the best I could with them. He died in a short while. Shortly after his death A. A. Morton came to get the notes—said they were laid off to the widow in her year's allowance. I told him I wouldn't give up the notes without a written notice from the justice of the peace that laid off the allowance. He came back and brought a written notice that I must give them up. I did so."

The defendant contended: (1) That under the evidence there was a bailment of the notes in question and hence the relation of bailor and bailee, and principles of law applicable thereto, existed. (2) That, as the bailment was solely for the benefit of the bailor and for his accommodation, the defendant could be held liable only for gross negligence. (3) That, as the defendant took charge of said notes simply as an act of kindness and accommodation, he could be liable for gross negligence only.

His Honor instructed the jury that upon his own showing the defendant was liable in damages; that the only matter for them to consider was the amount due, and in their deliberations the pleas and evidence bearing upon the caution, prudence and good faith of defendant should not be taken into consideration. There was a verdict for the plaintiffs, and the defendant appealed from the judgment thereon.

*Messrs. Austin & Price,* for plaintiffs.
*Mr. J. Milton Brown,* for defendant (appellant).

BURRIS *v.* BROOKS.

MONTGOMERY, J. :   It would be an idle discussion to go into the question as to whether the defendant was a trustee or whether he was a bailee.   His conduct in reference to the trust committed to him was so imprudent that no excuse or palliation can be made for it.

There was placed in his hands by the father of the plaintiffs, who was the holder and owner thereof, a collectible note against J. S. Hinson, to be collected by the defendant and the proceeds paid over to the plaintiffs when they should arrive at the age of 21 years.   Upon the death of the father, his widow had her year's provisions laid off to her, according to the forms of law, and the commissioners allotted this note, then in the defendant's hands, to her as a part of her year's support.   The justice of the peace, who acted with the commissioners, in writing ordered the defendant to turn over the note to one Morton for the widow, and he complied with the order.   The widow collected the money due on the note.   The order of the justice was an absolute nullity. - He had no jurisdiction over the defendant's person, for he was not a party to the proceeding to allot the year's provisions, and, if he had been a party, the order of the justice would still have been void.   A justice of the peace could exercise no jurisdiction over such a subject matter as was involved in the order to the defendant.   The note, or the proceeds of it when collected, was the subject matter of a trust, the defendant being trustee and the plaintiffs *cestuis que trust;* and the justice could have no jurisdiction over such a matter.   There was no error in any of the rulings of his Honor, and the judgment is affirmed.

                                                    Affirmed.