## J. A. ROUSSEAU, RECEIVER, v. CLARENCE CALL.

(Filed 24 May, 1915.)

**1. Trusts and Trustees—Voluntary Subscriptions—Equity—Receivers.**

Voluntary subscriptions to build a roadway between two named points under a specified management are properly regarded as trust funds available to creditors who have made advances and supplies ·to the management, considered as trustees, engaged in the prosecution of the enterprise; and where it is made to appear that it is necessary to the preservation of the fund, or to a due and proper execution of the trust, a court of equity will appoint a receiver.

**2. Trusts and Trustees—Personalty—Parol—Requisites.**

A trust in personalty may be created by parol without the use of any particular form, and it will be recognized and enforced whenever it is manifest that a trust is intended, and the subject-matter, the purpose, *i. e.*, the disposition of the property, and the beneficiaries are designated with a reasonable degree of certainty; and while a transfer of property is usually involved, it is not an essential requirement, and a trust of this character may be and not infrequently is created when one directs that a specific debt due him or a part of it be retained or paid over by the debtor in trust for another, or gives his note for a like purpose.

**3. Trusts and Trustees—Executory Trusts—Consideration.**

A valid consideration must be shown to sustain a trust of an executory nature.

**4. Contracts—Mutual Subscriptions—Consideration.**

When persons mutually subscribe a stated sum for a definite and lawful object, the subscription of one may be regarded as a proper consideration for that of the other; and when work has been done or expenditures made or debts incurred on the faith of such subscription, it then becomes a binding obligation.

**5. Receivers—Equity—Decrees—Collateral Attack.**

   Where in the exercise of its equitable jurisdiction the court has entered judgment appointing a receiver for the administration of a trust fund, its judgment is not open to collateral attack.

**6. Trusts and Trustees—Equity—Receivers—Parties—Jurisdiction.**

   One who has voluntarily subscribed with others to the building of a public road under a certain management, with the effect of creating a trust for the designated purpose, is not a necessary party to a suit in which a receiver is appointed to carry out the trust, and his presence or absence does not present a jurisdictional question.

**7. Trusts and Trustees — Voluntary Subscriptions — Receivers — Delinquent Subscribers—Right of Action.**

   Where a receiver has been duly appointed to carry out the terms of a trust created by subscriptions to build a road, he, as such, represents the rights of the management, trustee, and creditors, and the *cestui que trust* having made demand required by the terms of the subscription, is entitled to recover from delinquent subscribers any balance they may be due on their subscriptions.

**8. Contracts, Written — Parol — Contemporaneous Agreement — Evidence — Statute of Frauds—Subscriptions.**

   The rule that when a contract, not required by law to be in writing, is partly written and partly oral, the latter may be shown, does not apply when the writing is contradicted by the oral part; and where a written list of voluntary signatures to a subscription states that the signers "subscribe and bind ourselves to pay in cash, as called for by J. M., treasurer," etc., and the purpose is to build a certain road, it is inadmissible for the subscriber to show by a contemporaneous verbal agreement that he subscribed upon other conditions than those contained in the writing, which had not been performed.

APPEAL by defendant from *Harding, J.*, at January Term, 1915, of WILKES.

Civil action to recover balance claimed on subscription to build a road, heard on appeal from a justice's court.

There were facts in evidence tending to show that defendant and others desiring to have constructed a dependable road from the railroad station in North Wilkesboro to the courthouse in Wilkesboro, the road crossing the Yadkin River between the two points, made a written subscription for the purpose in terms as follows: "For the purpose of building a sand-clay or a macadam road from the depot in North Wilkesboro, N. C., to the courthouse in Wilkesboro, N. C., under the direction of a Government expert, we, the undersigned citizens of Wilkes County, North Carolina, hereby subscribe, and bind ourselves to pay in cash as called for by J. L. Hemphill, treasurer of the road fund, the amount set opposite our respective names," to which list the defendant subscribed $100. That the road was in part built on the north side of the river, and defendant and other subscribers, having paid one-half of the subscription, refused to pay the remainder, claiming that it was the understanding and agreement of the parties, at the time the subscription was made,

that one-half was to be paid for work on the north side of the river and one-half on the south side, and that, as nothing had as yet been done on the road south of the river, that no further amount was presently collectible. It was further shown in evidence that J. L. Hemphill, designated as treasurer, and C. H. M. Tulbert, appointed as manager, for the purpose of building the road, had entered on the work and had, as stated, built a portion of the road lying on the north side of the river and had contracted debts for same, as treasurer and manager of the enterprise, and these not being paid and a number of the subscribers having failed and refused to pay their subscriptions or some part of same, a suit was instituted in the Superior Court by a creditor against said treasurer and manager for the purpose of subjecting the fund to the payment of debts incurred in prosecuting the work, and present plaintiff was therein appointed receiver and directed to make demand and collect subscriptions for the purpose indicated. This suit was then instituted, and it being made to appear that there was an unpaid balance of $50 on defendant's subscription and debts due and owing, contracted by the treasurer and manager on the faith of the fund, the court charged the jury, if they believed the evidence, the plaintiff was entitled to recover.

Judgment for the $50 unpaid balance. Defendant excepted and appealed, assigning for error, chiefly:

1. That, as to defendant, the decree appointing plaintiff receiver was void and conferred no right to maintain the present suit.

2. That his Honor committed error in excluding parol testimony offered, to the effect "That it was the understanding and agreement, at the time of subscription made, that one-half of the subscription was for work on the north side and one-half on the south side of the river."

*Frank D. Hackett for plaintiff.*
*W. W. Barber for defendant.*

HOKE, J., after stating the case: A perusal of the facts in evidence leads to the conclusion that this subscription list should properly be considered a trust fund, dedicated by the parties to the purposes of building the road, and that under recognized equitable principles it may be made available to creditors who have made advances and supplies to the trustee and manager engaged in the prosecution of the enterprise.

It is well established in this jurisdiction that a trust in personalty may be created by parol, and that no particular form of words is required for the purpose, and that the same will be recognized and enforced whenever it is manifest that a trust is intended, and the subject-matter, the purpose, *i. e.,* the disposition of the property, and the beneficiaries are designated with a reasonable degree of certainty (*Witherington v. Herring,* 140 N. C., 495; *Riggs v. Swann,* 59 N. C., 119; *Perry on*

Trusts (6 Ed.), sec. 82 *et seq.;* 3 Pomeroy Eq. Juris., secs. 1008, 1009, 1010; 39 Cyc., p. 56 *et seq.,* and while a transfer of property is usually involved, this is not at all an essential requirement, and a trust in personalty may be and not infrequently is created when one directs that a specified debt due him or a part of it be retained or paid over by the debtor in trust for another or gives his own note for a like purpose—the instance more nearly presented here. *Burris v. Brooks,* 118 N. C., 789; *Eaton v. Cook,* 25 N. J. Eq., p. 55; *Baylies v. Payson,* 87 Mass., 473; *Fletcher v. Morey,* 2 Story, 555; *Legard v. Hodges,* 1 Ves., Jr., 477. The statement being made always in reference to the position that when the trust is executory a valid consideration must be shown. 2 Perry on Trusts (6 Ed.), sec. 359.

This, then, in our opinion, being a trust fund for a designated purpose, it was clearly within the power of the court, exercising jurisdiction in law and equity, to appoint a receiver whenever it was sufficiently made to appear that such a course was necessary to the preservation of the fund or a due and proper execution of the trust. 5 Pomeroy Eq. Jur., sec. 89; Kerr on Receivers, pp. 20 and 21; Alderson on Receivers, sec. 474. True it is that the possession and control of a trustee will not be disturbed on light or insufficient grounds (2 Perry on Trusts, sec. 819), but the power being conceded or existent beyond question and the court, in the exercise of its jurisdiction, having entered judgment appointing plaintiff receiver, its judgment is not open to collateral attack, and, even if the order was improvidently made, its propriety is not open to question in this suit.

The position urged, that defendant was not notified in that action and, therefore, the decree is void as to him, is without merit. That was an action looking only to the preservation of the trust fund, and in which the creditors, the beneficiaries and the treasurer, the trustee of the fund, and also the general manager of the enterprise, were made parties.

So far as we can now see, the defendant was not interested in any issue there presented; assuredly he could not be considered a necessary party to that suit, and his presence or absence, therefore, does not present a jurisdictional question.

The plaintiff, then, having been properly appointed receiver by a court having jurisdiction of the cause and, as such, representing the rights of the treasurer, the trustee, and the creditors, the *cestui que trust,* having made demand required by the terms of the subscription, is entitled to recover the balance due, and we concur in the ruling of his Honor, that, on the facts in evidence, it was not open to defendant to show that one-half of his subscription was to be expended on the portion of the road lying south of the river.

It is held in this jurisdiction that when persons mutually subscribe a stated sum for a definite and lawful object, the subscription of one may

be regarded as a proper consideration for that of the other (*University v. Borden,* 132 N. C., pp. 477-491), and it is very generally recognized that when work has been done or expenditures made or debts incurred on the faith of such a subscription, it then becomes a binding obligation (*Pipkin v. Robinson,* 48 N. C., p. 152, and 37 Cyc., p. 486), and, when or to the extent that it has been expressed in writing, it comes under the principle obtaining in other written contracts, that it may not be changed or sensibly impaired by parol. *Crane v. Library Assn.,* 29 N. J. L.; *Burham v. Johnson,* 15 Wis., 286; 37 Cyc., p. 504.

True, it is subject also to another position, equally well recognized, that when part of a contract only is in writing, the additional terms may be established by parol evidence; but this position is not allowed to prevail against the part which is written, for in such case, as said by the *Chief Justice* in *Walker v. Venters,* 148 N. C., 388, "the written word abides." In the present case the subscription contains in writing the provision that the signers "subscribe and bind ourselves to pay in cash, as called for by J. M. Hemphill, treasurer of the road fund, the amount set opposite our respective names." Here is express and definite stipulation as to character and time of payment, and it was not permissible to vary such a provision by the parol evidence offered in direct contradiction of its written terms. We are not inadvertent to the case of *Kelly v. Oliver,* 113 N. C., 442, in which it was held competent for a defendant, sued on a subscription list, to show that this was not to become a binding obligation except on certain conditions that had not been complied with, a position which has been frequently approved and applied with us, as in *Pratt v. Chaffin,* 136 N. C., 350; *Bowser v. Tarry,* 156 N. C., 35; *Garrison v. Machine Co.,* 159 N. C., 285, and other cases. That evidence was admitted to show that the written instrument or stipulation in question had never become the contract of the parties, and the ruling did not and was not intended to affect the principle that a written contract could not changed or varied by parol.

The present case comes rather within the decision in *Pipkin v. Robinson,* 48 N. C., 152.

We find no reversible error, and the judgment in plaintiff's favor is affirmed.

No error.