GREENVILLE SUPPLY COMPANY ET AL. v. S. C. WHITEHURST, SR., ET AL.

(Filed 23 March, 1932.)

1. **Corporations E d—In this case demurrer to complaint on surety agreement of stockholder is held properly sustained.**

Where the complaint in an action by certain stockholders of a corporation against another stockholder alleges that the stockholders endorsed certain notes of the corporation and agreed to pay thereon a certain amount in proportion to the stock held by them, that the plaintiffs had

paid their proportionate amount and that the defendant had refused to pay his proportionate share: *Held,* a demurrer thereto on the ground that the complaint fails to state a cause of action is properly sustained, the creditors of the corporation not being parties to the action, and the equitable doctrines of specific performance and contribution not being applicable.

2. **Contracts F a—Held: stockholders could not recover on contract to contribute to common object, creditors not being parties.**

Although the promise of each of the parties to a contract to contribute to a common cause is sufficient consideration for the promises of the other parties thereto, where the contract is between the stockholders of a corporation on an agreement between them to pay certain amounts on the corporation's note endorsed by them, and the creditors of the corporation are not parties to the action, the principle is not germane.

3. **Specific Performances B a—Contract in this case held not enforceable specifically.**

Where a contract does not relate to the transfer of property, and damages for its breach would be sufficient compensation, and it does not come within any exceptions to the general rule, specific performance may not be maintained thereon.

4. **Contribution A a—Contribution is enforceable only where complaining sureties have made compulsory payment.**

Contribution is enforceable only where the complaining sureties have made compulsory payment, and where it is not alleged that the complaining sureties have paid any part of the obligation of another surety they are not entitled to contribution from him.

APPEAL by plaintiffs from *Moore, Special Judge,* at November Term, 1931, of PITT. Affirmed.

The Greenville Supply Company is a corporation in the hands of a receiver. All the other plaintiffs and the defendant S. C. Whitehurst, Sr., were stockholders and directors. The defendant L. J. Whitehurst was a stockholder, and he and the defendant S. C. Whitehurst, Jr., are sons of S. C. Whitehurst, Sr.

The plaintiffs allege that the directors managed the business of the company and, when it became necessary to promote its interests, endorsed papers given for its loans and obligations in consideration of an extra dividend of 2 per cent on the amount of their endorsements in proportion to the value of their stock; also that it was agreed that each director should be liable for his pro rata amount; that the individual plaintiffs and the defendant S. C. Whitehurst, Sr., endorsed the company's notes to several creditors in sums aggregating $98,908.56 and mutually agreed that they would pay thereon $50,000 in sums proportionate to the capital stock held by each of them; that the directors who are plaintiffs paid their respective amounts and that S. C. Whitehurst, Sr., failed to pay $9,966.78, the amount he agreed to pay; that the sums paid by the plain-

tiffs have been applied on the company's obligations and the amount due thereon would have been reduced to $45,885.30 had the defendant S. C. Whitehurst, Sr., paid his part; that his failure to comply with his agreement leaves the plaintiffs liable on the company's notes in the sum of $56,872 while, if he had complied, they would be liable for only $46,928; that the plaintiffs are entitled to an order compelling him to pay $9,966.78 and to secure the payment of his future liability.

The plaintiffs pray judgment that the defendant S. C. Whitehurst, Sr., be made to pay $9,966.78 for the benefit of the plaintiffs and that a receiver of his property be appointed.

The defendants answered the complaint and the plaintiffs replied to the answer. The reply is chiefly an enlargement of the allegations in the complaint; it does not contain a new or independent cause of action.

The defendants filed a written demurrer on the ground that the complaint does not state a cause of action. The demurrer was sustained and the plaintiffs excepted and appealed.

*S. J. Everett for appellants.*
*Harding & Lee for appellees.*

ADAMS, J. The demurrer admits the plaintiffs' allegations and by these allegations the nature of the action and the relation of the parties must be determined.

The Greenville Supply Company, a corporation, became indebted to various parties in the sum of $96,928.56. The individual plaintiffs and the defendant, S. C. Whitehurst, Sr., who were directors in the corporation, endorsed certain notes of the company under their mutual agreement that each endorser should be liable in proportion to the value of his stock. The endorsers agreed to raise $50,000, each to pay a specified sum. Whitehurst was to advance $9,966.78. He failed to do so, and the object of the action is to compel him to abide by his agreement.

The law will not enforce a voluntary promise made without a consideration, but when several persons mutually agree to contribute to a common object which they wish to accomplish the promise of each is a consideration for the promise of the others, and such promises may be enforced by the party for whose benefit they were made. *Baptist University v. Borden,* 132 N. C., 476; *Rousseau v. Call,* 169 N. C., 173. The appellants rely in part upon the principle stated in these cases, but it is not germane; none of the creditors is a party to the action and none is seeking to enforce the alleged agreement.

The suit is an action at law. It is not maintainable upon the equitable doctrine of specific performance for several reasons: (a) the plaintiffs

are not seeking the performance of a contract relating to the sale or transfer of personal property; (b) the recovery of damages in case of loss would be sufficient compensation; (c) the complaint does not bring the controversy within any of the exceptions to the general rule.

It is equally conclusive that the appellants cannot resort to the doctrine of contribution. Contribution is enforceable when the complaining surety has made compulsory payment. Bispham's Principles of Equity, sec. 330; *Hodges v. Armstrong,* 14 N. C., 253; *Lumber Co. v. Salchwell,* 148 N. C., 316. There is no allegation that the appellants have paid more than their proportionate part or any portion of the sum for which Whitehurst is liable. Indeed, there is no allegation that the creditors have brought suit, or that the principal debtor is insolvent, or that the sureties cannot recover against the principal any loss they may suffer by reason of their endorsement. In *Allen v. Wood,* 38 N. C., 386, it is said: "The equity of a plaintiff lies in the insolvency of the principals, where he is seeking contribution from a cosurety. *Williams v. Helme,* 16 N. C., 159; *Rainey v. Yarborough,* 37 N. C., 249; *Bell v. Jasper,* 37 N. C., 597; *Mayhew v. Crickett,* 2 Swans., 185; *Daring v. Winchelsea,* 1 Cox., 218. And the reason is obvious—the cosurety is bound to answer only in the place of his principal, and, if he is able, it is the duty of the surety, who has paid the debt to look to him; if he is not able, he then, and only then, has a right to seek his redress from his cosurety. In this case according to the answer, and there is nothing in the evidence to contradict it, the money was sent to him by Joshua to indemnify him, and when called on by the plaintiff he might well answer, go to the principal Wood or to the principal Ennis, they will pay you what you have advanced. They are able to do so." Judgment

Affirmed.