### JOSEPH JAMES v. SARTIN DRY CLEANING COMPANY.

(Filed 18 September, 1935.)

**1. Justices of the Peace C a—**

    A justice of the peace has jurisdiction of an action on contract to recover the amount by which the salary paid plaintiff failed to equal the amount stipulated in the "President's Reëmployment Agreement," voluntarily signed by defendant employer, when the amount demanded does not exceed two hundred dollars. C. S., 1475.

**2. Courts C a—**

    Our State courts have jurisdiction of an action to recover the amount by which the salary paid an employee fails to equal the amount stipulated in the "President's Reëmployment Agreement," the Federal Courts not having been given exclusive jurisdiction either by the Constitution or Act of Congress.

**3. Master and Servant B a: Contracts F a—**

    An employee may sue upon the "President's Reëmployment Agreement," voluntarily signed by the employer, either in equity, under the doctrine of subrogation, or at law, as upon a contract made for the benefit of a third person.

**4. Master and Servant A a: Contracts A d—**

    The benefit, *inter alia,* which an employer derives from others in the industry signing similar agreements is sufficient consideration to support his agreement voluntarily entered into under the National Recovery Act.

**5. Master and Servant B a—**

> The evidence in this case that defendant employer had failed to pay plaintiff employee the amount due plaintiff under the agreement voluntarily entered into by the employer under the National Recovery Act, although conflicting, *is held* sufficient to support the ·verdict awarding plaintiff a portion of the amount claimed.

APPEAL by defendant from *Pless, J.,* at February Term, 1935, of FORSYTH.

Civil action "for $200.00 due by back salary," instituted in a court of a justice of the peace; dismissed in the court of first instance; tried *de novo* on appeal to the Superior Court.

Plaintiff testified that he worked for defendant in 1933 as a "dry cleaner" at a wage less than that stipulated in the "President's Reemployment Agreement," made pursuant to section 4 (a) of the National Industrial Recovery Act (15 U. S. C. A., section 704 [a]), voluntarily signed by defendant; and he sues to recover the difference between what he was paid and what he alleges the defendant agreed with the President to pay him for the time he was employed. This difference, plaintiff contends, really amounted to $240.00, but he only seeks to recover $200.00.

Plaintiff says he was first paid $6.00 a week, later $9.00 a week; whereas, under the terms of the President's Reemployment Agreement, relative to hours and wages, he should have been paid not less than $12.00 a week, or 30 cents an hour for a 40-hour week. "I received $6.00 a week until about three weeks before Christmas, and from that time I received $9.00 a week until the Saturday before Christmas, when I got drunk and lost my job." Suit was instituted 26 May, 1934.

The defendant, on the other hand, offered evidence tending to show that the plaintiff was not a "dry cleaner," but a general utility boy, engaged on part-time basis, and that the schedule of wages paid him was accordant with the terms of the President's Reemployment Agreement.

The jury awarded the plaintiff $20.00.

Judgment on the verdict, from which the defendant appeals, assigning errors.

*Ira Julian for plaintiff; Richard M. Chamberlain of counsel.*
*Webster & Little for defendant.*

STACY, C. J. As the principal sum demanded in the complaint (summons) does not exceed $200, the justice of the peace had jurisdiction of the action. C. S., 1475; *Brantley v. Finch,* 97 N. C., 91, 1 S. E., 535; *Brock v. Scott,* 159 N. C., 513, 75 S. E., 724.

The matter is likewise cognizable in the courts of this State, the jurisdiction of the Federal Courts not having been made exclusive, either by

the Constitution or Act of Congress. *Claflin v. Houseman,* 93 U. S., 130; *Robb v. Connolly,* 111 U. S., 624; *Mondou v. R. R.,* 223 U. S., 1.

That the plaintiff is entitled to sue upon the "President's Reëmployment Agreement," voluntarily signed by the defendant, either in equity, under the doctrine of subrogation, or at law, as upon a contract made for the benefit of a third person, is fully established and supported by the decisions in this jurisdiction. *Rector v. Lyda,* 180 N. C., 577, 105 S. E., 170; *Gorrell v. Water Co.,* 124 N. C., 328, 32 S. E., 720, 70 Am. St. Rep., 598, 46 L. R. A., 513; *Baber v. Hanie,* 163 N. C., 588, 80 S. E., 57.

It is said in some of the cases that the plaintiff occupies the position of a "donee beneficiary," or, at least, that he is no less advantageously circumstanced. *Bank v. Page,* 206 N. C., 18, 173 S. E., 312. See annotations: 81 A. L. R., 1271, and 95 A. L. R., 42-43.

The benefit, *inter alia,* which defendant derived from others in the industry signing similar agreements was sufficient consideration to make it enforceable. *Fryns v. Fair Lawn Fur Dressing Co.,* 114 N. J. Eq., 462; *Supply Co. v. Whitehurst,* 202 N. C., 413, 163 S. E., 446; *Rousseau v. Call,* 169 N. C., 173, 85 S. E., 414; *University v. Borden,* 132 N. C., 476, 44 S. E., 47; *Pipkin v. Robinson,* 48 N. C., 152; *N. J. Orthopedic Hospital v. Wright,* 95 N. J. L., 462. See 60 C. J., 956.

While the jury rejected most of plaintiff's testimony, and might well have found against him on the merits of the case—it appearing that he was strongly contradicted as to the facts—still there is some evidence to support the verdict, and the trial court declined to set it aside as contrary to the weight of the evidence. *Goodman v. Goodman,* 201 N. C., 808, 161 S. E., 686.

No action or ruling of the court has been called to our attention which we apprehend should be held for reversible error. The verdict and judgment will be upheld.

No error.