LUCILLE HARVEY, an Unmarried Woman, v. CITY OF ST. PETERSBURG, for the Use of Glenn V. Leland, as Receiver of the Certificate Sinking Fund of the City of St. Petersburg.

189 So. 861
Opinion Filed June 16, 1939

598

*Carey & Harrison,* for Appellant;
*Askew & Kiernan,* for Appellee.

PER CURIAM.—Sometime prior to February 14, 1927, the City of St. Petersburg, pursuant to Section 108, Chapter 6772, Special Acts of 1913, Laws of Florida, caused certain sidewalks to be laid in front of and abutting certain property owned by appellant Lucille Harvey. Under date of April 5, 1927, the City of St. Petersburg issued its certificates of indebtedness against appellant's property for the purpose of charging her real estate with the costs of the sidewalks which had been laid in proportion to the frontage of said property on the improvement and the benefit that said property derived from said improvement.

Pursuant to Section 3016, C. G. L. of 1927, and Section 108, Chapter 6772, *supra,* the City sold said certificates in order to get money to make the improvements and guaranteed the payment thereof. When these certificates fell due the City was not able to pay them so the City officials entered into an agreement with the holders of the various certificates, under the terms of which agreement refunding bonds were issued by the City and delivered to the certificate holders, and the certificates were thus taken up by the City. The agreement between the City and the holders provided that: "The Director of Finance of the City of St. Petersburg and his successors in office shall be created and constituted as Trustees for the purpose of carrying out the provisions of the sinking fund herein established." State v. City of St. Petersburg, 117 Fla. 300, 306, 157 So. 641, 643. It was also provided that if the Trustee shall fail to collect

sufficient sums within a certain time specified in the agreement, "* * * the holders of Refunding Bonds shall have the right to foreclose any and all of said certificates remaining in said fund in the name of the City of St. Petersburg, for the benefit of all the outstanding delinquent interest certificate holders and shall have the right to continue said foreclosure and enforcement of said certificates in the name of the City until the said delinquent interest certificates are fully satisfied." State v. City of St. Petersburg, *supra*.

No effort was made by the trustee to enforce collection by suit or otherwise, so the holders of delinquent interest certificates elected to proceed under that provision of the contract which gave them the right to foreclose said certificates of indebtedness in the name of the City.

In November, 1935, certain holders of delinquent interest certificates brought a suit in the Circuit Court asking that a Receiver be appointed to take charge of all the improvement lien certificates and to enforce their collection. The Court appointed Glenn V. Leland as Receiver and ordered him to take from the Director of Finance of the City of St. Petersburg. (who was the same Glenn V. Leland) all improvement liens held by said Director of Finance, as Trustee. The Receiver was further directed to proceed with the collection of the improvement liens by the bringing of actions at law or in equity.

Accordingly, the Receiver on June 1, 1938, filed a bill for the purpose of foreclosing the liens. This bill was brought under the provisions of Chapter 15038, Acts of 1931, Laws of Florida. An answer was filed by appellant alleging that the laying of the sidewalks for which the public improvement lien certificates were issued was not a proper exercise of a municipal function, that the issuing of the public improvement certificates against the property of appellant was illegal and not in accordance with the provisions of

the law in such cases made and provided, and that the liens were not valid obligations.

An order of severence was entered, since the owners of a large portion of the property proceeded against filed no defensive pleadings. Glenn V. Leland, as receiver, filed a motion to strike certain portions of the answer thus filed by appellant. An order was entered granting the motion in part, from which Lucille Harvey appealed. Cross assignment of errors was filed by appellee based on the denial of parts of the motion to strike.

The first question presented for our consideration by appellant reads at follows:

"The City of St. Petersburg issued certain delinquent interest certificates, and it was provided that they should be paid from the proceeds of the collection of certain special assessment improvement liens. Has the Circuit Court of Pinellas County, Florida, jurisdiction, at the instance of holders of these delinquent interest certificates, to appoint a receiver for the express purpose of collecting by suit the special assessment improvement liens which had been issued by the City of St. Petersburg?"

It is true, as contended by appellant, that *in the absence of legislative authority so to do,* a court receiver has no authority whatsoever to enforce the collection of taxes or public improvement assessment liens issued by a municipality. State *ex rel.* Lynch, *et al.,* v. District Court of McKinley County, 41 N. M. 658, 73 P. (2d) 333, 113 A. L. R. 746; Annotation, 113 A. L. R. 755. See also Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197; Thompson v. Allen County, 115 U. S. 550, 6 S. Ct. 140, 29 L. Ed. 472.

However, Sec. 108, Chapter 6772, Special Acts of 1913, Laws of Florida (Charter of City of St. Petersburg) provides:

"In all the cases mentioned in this Act where the City

of St. Petersburg has acquired or may hereafter acquire, liens for improvements, such liens or any of them may be enforced in the following manner by the said City or *in the name of said City by the holders;* first by a bill in equity; second, by a suit at law." (Emphasis supplied.)

The City guaranteed the payment of the certificates involved herein, but did not pay the same upon default. Instead, the City proposed to issue refunding bonds, or a renewal obligation in payment of the principal of the certificates of indebtedness, and to create a trust fund by placing all of the certificates of indebtedness in a common fund which was to be administered by a trustee, and to pay the accrued interest due the holders of said certificates of indebtedness out of the trust fund thus created. In order to facilitate the operation of the plan, the City issued to the holders of said certificates of indebtedness non-interest-bearing delinquent interest certificates evidencing the amount of delinquent interest which each holder of the certificates of idebtedness was entitled. to receive. The holders of said certificates could not look to the general revenues of the City for the payment of their obligations. There was but one source of payment and that was the trust fund created by the collection of these certificates of indebtedness.

The law is well settled that courts of equity have jurisdiction to appoint a receiver of trust estates or trust funds. 23 R. C. L., Receivers, Sec. 30, p. 32; Holbrook v. Fyffe, 164 Ky. 435, 175 S. W. 977; Rousseau v. Call, 169 N. C. 173, 85 S. E. 414; Calhoun v. King, 5 Ala. 523. This court has held that if a trustee refuses a trust a receiver may be appointed to protect the interest of all parties interested in the estate, Wilson v. Russ and Merritt, 17 Fla. 691, and that a Chancellor's findings regarding the propriety of a receivership for trust property will not ordinarily be disturbed,

Smith v. Fleetwood Building Corp., 120 Fla. 481, 163 So. 293.

Furthermore, the case at bar is not one in which the appeal has been taken from an order appointing a receiver, but is a collateral attack upon the order of appointment, which recites: "* * * the court having heard oral testimony in support of the allegations of the bill of complaint, and being of the opinion that a receiver is necessary to protect the trust fund and the rights of all of the parties entitled thereto, and no sufficient cause being made to appear why a receiver should not be appointed:

"It is thereupon considered, ordered, adjudged, and decreed that Glenn V. Leland be, and he is, hereby appointed as receiver of this court in this cause."

It is clear from an inspection of the decree that the court had jurisdiction of the subject matter (a trust fund) and that the court heard oral testimony from which he concluded it was necessary for the appointment of a receiver to protect said trust fund and the rights of the parties interested therein.

Under these circumstances we are of the opinion that the lower court had jurisdiction to appoint Glenn V. Leland as receiver for the express purpose of collecting by suit the special assessment improvement liens issued by the City of St. Petersburg and there was no error in its ruling on this question.

The second question presented by appellant reads as follows:

"Can a valid enforcible agreement be made between the holders of improvement lien certificates duly issued by the City of St. Petersburg, and said City, providing that the holders of delinquent interest certificates issued by the said City may apply to a Circuit Court and have a receiver appointed to take charge of and enforce the collection of

public improvement lien certificates. issued by the City of St. Petersburg ?"

In the case at bar the Legislature of Florida conferred upon the City of St. Petersburg the power to make improvements, assess the cost against abutting property and to issue certificates evidencing the lien held by the City as security for the money spent in making the improvement. Section 108, Chapter 6772, Special Acts of 1913, Laws of Florida.

The Legislature further authorized the City to sell these certificates to private investors and it guaranteed the payment of the same. The Legislature further authorized the *holders of the certificates to collect the same by bringing a suit* in law or in equity. Section 108, Chapter 6772, *supra.*

The contract between the holders of those certificates and the City was made in contemplation of this provision of the law and the Contract provided nothing more than what the holders of the certificates had a right to do under the law. When the interest of the different holders became so confused that it was not feasible or practical to bring separate suits to enforce their rights, they petitioned a court of equity to take charge of the entire fund and administer it for the common benefit. It follows that this contention of appellant is without merit.

Appellant also contends that the certificate holders had a full and complete remedy at law instead of an action for the appointment of a receiver. In Malone v. Meres, 91 Fla. 709, 109 So. 677, this Court said:

"Where a court has general jurisdiction of civil actions at law and also of all equity causes, and the subject-matter of a suit or action and the relief sought are within the jurisdiction of the court, whether it be a contract right in personal property or title to real estate or other civil matter, the question whether the relief sought should be by an

action at law or a suit in equity does not ordinarily involve the *power* of the court to determine the matter, but it is rather a matter of procedure, at least where the right to a jury trial is not unlawfully denied; and if a suit in equity is brought when an action at law is the proper remedy, and the defendant, if duly served or appears, does not duly challenge the plaintiff's right to proceed in equity (Griffin, Adm'r., v. Orman, 9 Fla. 22; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216; Dumont v. Fry, 130 U. S. 354, 505, 9 Sup. Ct. Rep. 486) or waives the right (Rivers v. Summers, 33 Fla. 539, 15 South. Rep. 319; Williams v. Wetmore, 51 Fla. 614, text 624, 41 South. Rep. 545), and the court does not *sua sponte* raise the question and dismiss the cause (Trustees I. I. Fund of Florida v. Gleason, 39 Fla. 771, 23 South. Rep. 539; McMillan v. Wiley, 45 Fla. 487, 33 South. Rep. 993; Micou v. McDonald, 55 Fla. 776, 46 South. Rep. 291, 21 C. J. 168; Lewis v. Cocks, 23 Wall. 466, 23 L. Ed. 70; Amis. v. Myers, 16 How. 492, 14 L. Ed. 1029) and a final decree is rendered, whether upon a decree *pro confesso* or upon a contest made, such decree if erroneous is not necessarily void; and after the time within which the complaining party might have secured a review by appeal, such party is not in general entitled to have the decree vacated upon motion on the ground that it is null and void."

The decree in the proceeding in which the receiver was appointed recited that due notice had been given defendants and the court held that it was dealing with a trust fund and that the facts presented were sufficient to justify the appointment of a receiver to take charge of that fund, to enforce the same and to protect the rights of the parties beneficially interested therein. In this collateral attack we must hold that the decision and judgment of the circuit court in the receivership proceeding is conclusive, for,

"Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court." Malone v. Meres, 91 Fla. 709, 724, 109 So. 677.

The appellee by its cross assignment of errors has presented the following question:

"When improvements have been made by the City of St. Petersburg, pursuant to the provisions of Chapter 6772, Special Acts of 1913, and Chapter 6864, Laws of 1915, and the City has assessed the cost thereof against abutting property and issued certificates of indebtedness evidencing the lien for the improvements made, and the Legislature of Florida, and the certificates sold to innocent purchasers:

"May the property owner, whose property has been thus improved, sit idly by for eleven years and thereafter, in a suit seeking to enforce the improvement lien, attack the validity of the assessment?"

The appellant in her answer alleged that during the months of January and February, 1926, the governing authorities of the City awarded a contract to the Farmer Concrete Works to lay sidewalks upon the lands of appellant without notice of any kind and without giving her an opportunity to be heard; that twelve months later during the months of January and February, 1927, an attempt was made to levy an assessment against the land for said improvement, but none of the charter provisions relating to the levying of said assessment were complied with at the time. She also alleged that the sidewalk itself has never been used for foot traffic and has resulted in no benefit to her property.

On a motion to strike those portions of the defendant's answer alleging that the City did not follow the law in making the improvement and issuing certificates of in-

debtedness against the property of appellant, the allegations relating to the lack of notice must of necessity be taken as true. Although appellant alleges that notice was not given in accordance with law, she does not allege that she did not know the improvement was being made. In her answer appellant gives the date of the construction, the date of the levying of the assessment, and the name of the firm to whom the contract for the construction of the improvement was awarded. From these and other allegations contained in the answer it must be inferred that she had actual knowledge of the construction of the sidewalk. See 44 C. J., Municipal Corporations, Sec. 3054, pp. 626-627.

We are conscious of the rule to the effect that the doctrine of estoppel has no application when an assessment is wholly void—that is to say, when the assessment is made in such a manner as to render it invalid or when constitutional or statutory provisions essential to its validity are completely ignored. Gulf View Apartments, Inc., v. City of Venice, 108 Fla. 41, 145 So. 842.

The assessments were levied, the certificates sold and the payment thereof guaranteed by the City. Appellant sat idly by for eleven long years without taking any action whatsoever to cancel the assessment or to have the same declared void. She waited until after the Legislature had validated the same (Chapter 14392, Special Acts of 1929, Laws of Florida, and Chapter 15511, Special Acts of 1931, Laws of Florida), and after refunding bonds had been issued in payment of the principal, and after a trust fund had been created by placing the certificates of indebtedness in a common fund for the payment of the interest due to the holders thereof. She never, at any time, according to her answer, raised her voice against the validity of these assessments until it was sought to enforce the collection

of the same—then for the first time she comes forward and says that the assessments' are void.

In the meantime the rights of the holders of the certificates had changed in the following particulars: At the time and before the refunding bonds were issued the holders of these certificates had the right to enforce the entire amount thereof, including principal and interest, by a suit on the guaranty contract. Relying upon the validity of said certificates, the holders agreed to accept refunding bonds in payment of the principal of their indebtedness and agreed to look solely to the money arising from the collection of these special assessments for the payment of the interest due them, waiving their right to enforce the guaranty against the City.

Under these circumstances the appellant cannot in equity and good conscience now insist that the certificates are invalid because of the alleged defect in the assessments or lack of benefit to appellant's property. See Summerland v. Punta Gorda, 101 Fla. 543, 134 So. 611; City of New Smyrna v. Mathewson, 113 Fla. 861, 152 So. 706; Gulf View Apartments, Inc., v. City of Venice, *supra;* Abell v. Boynton, 95 Fla. 984, 117 So. 507.

The decree of the lower court in so far as it denied the motion to strike designated parts of paragraphs six and eight of the answer is accordingly reversed, and in all other respects affirmed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.