STACY WHARTON v. HOME SECURITY LIFE INSURANCE COMPANY.

(Filed 21 March, 1934.)

1. **Insurance D a—Where beneficiary has no insurable interest in life of insured the policy taken out by him is void.**

   The beneficiary named in a policy of life insurance who pays the premiums thereon will not be allowed to recover on the policy upon the death of the insured where the beneficiary had no insurable interest in the life of the insured, such policies being void as gaming contracts contrary to our public policy.

2. **Insurance D b—**

   Nephews and nieces have no insurable interest in the life of their aunt merely by virtue of the relationship.

3. **Insurance E b—**

   An incontestable clause in a policy of life insurance cannot deprive our courts of the power to declare the policy void as being in contravention of well settled public policy.

APPEAL by defendant from *Sink, J.*, at June Term, 1933, of FORSYTH. Reversed.

This is an action by the plaintiff as the beneficiary to recover the amount due on a policy of insurance issued by the defendant on the life of Grace Love.

The action was begun and tried in the Forsyth County Court.

The policy of insurance sued on was issued by the defendant on 12 March, 1928. The insured, Grace Love, died on 27 June, 1932. At the date of her death, the policy was in full force and effect, according to its terms. All the premiums required to keep the policy in force had been paid to the defendant. The amount due under the policy is $328.00.

The policy was issued by the defendant on the application of Elbert Sprinkle, who is a nephew of the insured, Grace Love. He was the beneficiary named in the policy when it was issued. He agreed to pay and did pay the first and all succeeding premiums on the policy until some time during the year 1930, when he ceased to pay the premiums. After he ceased to pay the premiums, the plaintiff, who is a niece of the plaintiff, began to pay the same and continued to do so until the death of the insured. She was present when Elbert Sprinkle, on the solicitation of an agent of the defendant, applied for the policy, and knew that he then agreed to pay and subsequently did pay the premiums on the policy from the date of its issuance until she began to pay the same. There was no evidence at the trial tending to show that Grace Love, the insured, knew that a policy on her life had been issued by the defendant, and that her nephew, Elbert Sprinkle, or her niece, the plaintiff, were paying premiums on such policy. She did not live with either Elbert Sprinkle, or the plaintiff. She had no relationship in blood or otherwise to either, except as aunt.

The policy sued on in this action bears an endorsement as follows:

"Durham, N. C., 2/24/1930. Beneficiary under this policy is changed to Stacy Wharton, niece. R. M. Moise, president."

The policy contains a clause as follows:

"8th. Incontestability. After this policy has been in force for two full years, it shall be incontestable except for nonpayment of premiums, fraud, misstatement of age or violation of article third. In case of misstatement of age, however, no greater amount will be paid hereunder than the amount which the premium paid would have purchased for the true age at the rate in use at the date of this policy, except when the true age at time of entry is more than fifty-five years the liability of the company will be a refund of the premiums paid and no more."

At the trial the defendant contended and offered evidence tending to show that at the time the policy was issued, the insured, Grace Love, was over fifty-five years of age. Evidence offered by the plaintiff tended to show that the insured was only forty years of age at the time the policy was issued, as stated in the application for the policy.

The issues submitted to the jury were answered as follows:

"1. Did the defendant execute and deliver its policy of insurance on the life of Grace Love as alleged in the complaint? Answer: Yes (by consent).

2. Was the beneficiary changed in said policy by the defendant as alleged in the complaint? Answer: Yes.

3. Was Grace Love, the insured, over fifty-five years of age at the time the policy was issued on her life, as alleged in the answer? Answer: No.

4. In what amount, if any, is the defendant indebted to the plaintiff? Answer: $328.00, with interest from the death of the insured."

From judgment that plaintiff recover of the defendant the sum of $328.00 with interest from 27 June, 1932, and the costs of the action, the defendant appealed to the Superior Court of Forsyth County. At the hearing of this appeal the judgment was affirmed, and defendant appealed to the Supreme Court.

*Stratton Coyner* for plaintiff.
*Wm. H. Boyer* and *Manly, Hendren & Womble* for defendant.

CONNOR, J. Neither Elbert Sprinkle, the original beneficiary, nor the plaintiff, the substituted beneficiary, in the policy of insurance sued on in this action, had an insurable interest in the life of Grace Love, the insured, by reason of their relationship to her, as nephew and niece, respectively. In *Hardy v. Ins. Co.,* 152 N. C., 286, 67 S. E., 767, it is said that it is very generally held that the relationship of uncle and nephew does not of itself create an insurable interest in favor of either. This principle is manifestly applicable to the relationship of aunt and nephew and of aunt and niece. See 37 C. J., 394.

There was no evidence at the trial of this action tending to show any facts on which it could be held that the original beneficiary, at the time the policy was issued, or that the substituted beneficiary, at the time the beneficiary was changed by the endorsement on the policy, had any pecuniary interest in the continuance of the life of the insured.

It is well settled as the law in this and other jurisdictions that a person cannot take out a valid and enforceable policy of insurance for his own benefit on the life of a person in which he has no insurable interest; such a policy or contract of insurance is void and unenforceable on grounds of public policy, it being merely a wagering contract. 37 C. J., 385, and cases cited in support of the text.

Conceding this to be the law in this State with respect to the validity of the policy of insurance sued on in this action, it is contended on behalf of the plaintiff, that the principle is not applicable because of the presence in the policy of the incontestable clause. This contention cannot be

sustained. The parties to a contract which is void because in contravention of a well settled public policy, cannot bind themselves by such contract, and thus deprive the courts of the power to enforce the public policy of the State by their judgments. In *Bromley v. Ins. Co.* (Ky.), 92 S. W., 17, 5 L. R. A. N. S., 747, it is well said: "It is also insisted for the plaintiff that as the policies contain a clause to the effect that they are incontestable after one year, the company cannot·rely upon this defense. But the incontestable clause is no less a part of the contract than any other provision of it. If the contract is against public policy, the Court will not lend its aid to its enforcement. The defense need not be pleaded. If at any time it appears in the process of the action that the contract sued upon is one which the law forbids, the Court will refuse relief."

In the instant case, there was error in the refusal of the trial court to dismiss the action at the close of all the evidence. The judgment of the Superior Court, affirming the judgment of the county court, is for that reason

Reversed.