ELIZABETH T. MILLER, Administratrix of W. R. MILLER, and ELIZABETH T. MILLER, Individually, and MARY ELIZABETH MILLER, by Her Next Friend, ELIZABETH T. MILLER, v. WORTH POTTER and Wife, ANNIE E. POTTER, M. A. HATCHER, HOME MORTGAGE COMPANY, MORTGAGE SERVICE CORPORATION, THE FIDELITY BANK, and V. S. BRYANT, Substituted Trustee.

(Filed 15 June, 1936.)

1. **Mortgages G b—Where mortgage debt is paid from proceeds of insurance on life of purchaser assuming debt, his estate is not entitled to subrogation as against subsequent purchasers who assumed debt.**

The transferee of the equity of redemption assumed the mortgage debt by agreement in his deed, and the mortgagee took out and paid the premiums on a policy of insurance on his life, in which it was named beneficiary. The equity of redemption was thereafter transferred, consecutively, to two other purchasers, each of whom assumed the mortgage debt. The original purchaser of the equity died, and the mortgagee applied the proceeds of the insurance policy to the payment of the debt and sent the canceled mortgage to the last purchaser. *Held:* The estate of the original purchaser of the equity of redemption is not entitled to be subrogated to the rights of the mortgagee as against the later transferees of the equity, since neither the original purchaser of the equity nor his estate paid the mortgage debt.

---

MILLER *v.* POTTER.

---

**2. Subrogation A a—**

The right to subrogation arises from the payment of a debt for which another is primarily liable, and where it appears that the party claiming such right has not paid the debt, but that the debt was paid out of insurance funds in which he had no interest, the asserted right of subrogation fails.

**3. Insurance D b—**

A creditor has an insurable interest in the life of his debtor, and as the beneficiary has a vested interest in the policy, and upon the death .of the insured, neither his heirs at law nor his personal representative may sue to recover the proceeds of the policy, but the creditor beneficiary must apply the proceeds of the policy to the payment of the debt.

STACY, C. J., and DEVIN, J., dissent.

APPEAL by defendants from *Phillips, J.,* at February Term, 1936, of RICHMOND. Modified and affirmed.

*W. R. Jones for plaintiffs, appellees.*
*A. M. Stack and Nash LeGrand for defendants Worth Potter and wife, appellants.*

SCHENCK, J. This was a civil action, heard upon the pleadings and findings of fact by a referee. The findings of fact, to which no exceptions were filed, were substantially as follows: On 15 October, 1928, the Home Mortgage Company made a loan in the sum of $3,000 to one M. W. Nash and wife, and took a deed of trust to secure the same on a house and lot in Hamlet, North Carolina. On May 17, 1929, M. W. Nash and wife conveyed the said house and lot to W. R. Miller. As part of the purchase price, Miller "assumed and agreed to pay" said deed of trust. On 11 June, 1929, to better secure the loan the Home Mortgage Company, under the provisions of the deed of trust, took out a twelve-year term reducing policy of insurance on.the life of Miller in the sum of $3,000, had itself made the beneficiary in the policy, and paid the premiums thereon. On 8 September, 1930, Miller and wife conveyed said house and lot to M. A. Hatcher, who also assumed the payment of said debt just as Miller had done. On 19 September, 1930, Hatcher conveyed said house and lot to Worth Potter and wife, Annie E. Potter, who also assumed the payment of said debt just as Miller and Hatcher had done. On 11 March, 1933, while title to said house and lot was in Worth Potter and wife, W. R. Miller died, and in December, 1933, the creditor beneficiary, the Home Mortgage Company, collected insurance in the amount of $2,475.39, marked the deed of trust paid, and mailed the same to Worth Potter, who had it canceled of record.

Elizabeth T. Miller, widow of W. R. Miller, later qualified as his administratrix, and with his only child, Mary Elizabeth Miller, brought

this action (a) to recover the balance of the insurance proceeds over and above the indebtedness; (b) for subrogation to the rights of the creditor to that part of the insurance proceeds used in paying the indebtedness; and (c) to have the deed of trust restored and the cancellation on the record stricken out, to the end that the estate of W. R. Miller should hold the deed of trust as a valid and subsisting lien against said house and lot in Hamlet, North Carolina.

Upon the findings of fact of the referee, the court drew conclusions of law and entered judgment in accord with the prayer of the plaintiffs.

All parties agreed that the $226.18, representing the balance of insurance money after the total indebtedness secured by the deed of trust had been paid, should be recovered by the plaintiffs, and the portion of the judgment that so adjudges is affirmed.

Upon the facts found, but one question is presented, namely: Can the legal representatives of W. R. Miller, deceased, invoke the principle of subrogation to the securities held by the creditor, the Home Mortgage Company?

When W. R. Miller bought from Nash and assumed payment of the debt he became liable as principal, and when he sold to Hatcher he became liable also as surety. He was thereafter liable as both principal and surety. *Bank v. Page,* 206 N. C., 18. The Home Mortgage Company, as creditor, could have sued Miller on his contract of assumption without foreclosing the deed of trust. *Rector v. Lyda,* 180 N. C., 577. By the application of the proceeds of the insurance policy to the payment of the debt secured by the deed of trust Miller's estate had its debt paid. However, while the debt of Miller's estate was paid, neither Miller nor his estate paid it, and since neither paid the debt, the estate is not entitled to subrogation. *Ætna Life Ins. Co. v. Middleport,* 124 U. S., 534, 31 L. Ed., 537. "It is generally held that the doctrine of subrogation requires that the person seeking its benefit must have paid a debt due to a third person before he can be substituted to that person's rights." 25 R. C. L., par. 4, p. 1315. True, if Miller or his estate had been compelled to pay the debt he or his representative would have been subrogated to the rights of the creditor, the Home Mortgage Company. *Moring v. Privott,* 146 N. C., 558; *Ætna Life Ins. Co. v. Middleport, supra.*

As a creditor of W. R. Miller, the Home Mortgage Company had an insurable interest in his life, *Maynard v. Ins. Co.,* 132 N. C., 711, and as the beneficiary in the policy had a vested interest therein, which could not be destroyed or altered by any action of the insured. *Walser v. Ins. Co.,* 175 N. C., 350. Neither the heirs at law, next of kin, nor the administratrix of the insured can sue for the proceeds of a policy payable to a third party. *Maynard v. Ins. Co., supra.*

It was the right, if indeed not the duty, of the creditor, the Home Mortgage Company, as beneficiary under the policy to apply the proceeds thereof to the payment of the debt. This was the purpose for which the insurance was taken out. By so applying the proceeds of the policy the creditor, the Home Mortgage Company, released the estate of Miller, as well as Nash, Hatcher, and the Potters from any further liability without either of them having to pay any part of the debt.

That portion of the judgment which adjudges that the plaintiffs are entitled to be subrogated to the rights of the creditor to that part of the proceeds of the insurance policy applied on the payment of the debt secured by the deed of trust, $2,249.21, and ordering the rescission of the cancellation of the deed of trust is reversed.

Modified and affirmed.

STACY, C. J., and DEVIN, J., dissent.