## ALPHA LAMMONDS v. ALEO MANUFACTURING COMPANY, A CORPORATION.

(Filed 11 April, 1956.)

**1. Contracts § 19—**

As a general rule, a third person may sue to enforce a binding contract made for his benefit even though he is a stranger both to the contract and to the consideration.

**2. Master and Servant § 2d—**

As a general rule, an employee may maintain an action to enforce provisions inserted for his benefit in a collective labor contract made between a labor union and the employer, particularly in regard to wage provisions.

**3. Same—**

Plaintiff employee alleged the existence of a collective labor contract between defendant and a labor union, that plaintiff was required to work under an increased work load assignment in violation of the contract, and that such violation entitled plaintiff to back pay under the terms of the contract. *Held:* The complaint states a cause of action in plaintiff's favor as a third party beneficiary. G.S. 1-57.

**4. Same: Arbitration and Award § 1—**

Statutory methods of arbitration provide cumulative and concurrent rather than exclusive procedural remedies.

**5. Master and Servant § 2d: Arbitration and Award § 7—Common law arbitration held not to preclude action to recover benefits due employee under collective labor contract.**

Plaintiff employee alleged a collective labor contract entered into by a labor union and defendant employer, that plaintiff was a third party beneficiary of the contract, that pursuant to the contract and by consent of the parties thereto, grievances under the contract were arbitrated, resulting in decision of the arbitrator that employees of plaintiff's group were entitled to increase of compensation, that defendant had refused to comply with the arbitrator's decision, and that plaintiff was entitled to retroactive compensation under the contract. *Held:* The arbitration agreement is governed by the common law, and neither the Uniform Arbitration Act, G.S. 1-544, nor the statutory arbitration, G.S. 95-36.1, precludes maintenance of the action by plaintiff.

Devin, J., took no part in the consideration or decision of this case.

Appeal by defendant from *McKeithen, Special Judge*, at 7 February Term, 1955, of Richmond.

Civil action for accounting arising out of a collective labor contract, heard below on demurrer to the complaint.

These in summary are the controlling allegations of the complaint:

1. That on or about 9 June, 1952, a collective labor contract was entered into by Local Union #603, U.T.W.A., A. F. of L., and Aleo Manufacturing Company, covering wages, hours, and working conditions of the employees of the Manufacturing Company. The contract by reference is incorporated in the complaint.

2. "That at the time of the signing of the . . . contract, and since, Plaintiff was employed at the Aleo Manufacturing Company and was personally entitled to the benefit of the terms and conditions of the . . . contract . . ."

3. That the Manufacturing Company "during the Summer of 1953, for 30 days trial, in accordance with Article 6 of the . . . contract, increased the work load of the spinners and after the end of the 30 days continued the said increased work load or stretch out to which . . . Plaintiff and the other spinners were assigned."

4. Pursuant to the terms of the contract, grievances respecting the increased work load, or stretch out, were filed with the Company; that pursuant to the terms of the contract, and by consent of the parties, Maxwell Copelof was selected to arbitrate the grievances.

5. On or about 9 March, 1954, the arbitrator heard the matter submitted to him, and on or about 20 May, 1954, handed down his decision on the grievances. The report is by reference made a part of the complaint. It provides in substance as follows: "That the increased work load as installed by the defendant Corporation did not provide for sufficient fatigue allowance as called for in the aforesaid contract, and further set forth therein the basis for establishing the work load and rate of pay therefor, and further provided that the spinners are to be paid retroactively to the date the assignments were increased."

6. That thereafter, on or about 3 July, 1954, the "arbitrator handed down a clarification of his previous decision . . . under which the Plaintiff is entitled to an adjustment of the work load to provide for sufficient fatigue allowance as called for in the contract, and for the adjustment of the basic hourly rates as provided in the contract, and for retroactive pay to the time of the assignment."

7. "That, notwithstanding Plaintiff's request to Defendant Company for compliance with the terms and provisions of the aforesaid contract and the arbitrator's decision thereunder, the Defendant has failed and refused to comply with the said arbitrator's decision."

8. "That the plaintiff has worked in the spinning department of the Defendant Corporation since the Summer of 1953 under a work load assignment, or stretch out, which is in violation of the aforesaid collective bargaining contract and of the arbitrator's decision thereunder relating to work load and work assignments, and therefore is entitled to an adjustment of the said work load and work assignments and to pay and back pay retroactive to (the time of) the companies increase in work load assignment, as provided by the said contract and the arbitrator's decision thereunder."

The plaintiff prays for an accounting to determine the amount due her by the defendant corporation.

The defendant demurred to the complaint on the ground that "there is a defect of party plaintiff and that the complaint does not state facts sufficient to constitute a cause of action against the defendant, in that the plaintiff has no interest, title or right in law in the proceedings and

matters and things alleged in her complaint, and cannot as a matter of law maintain said action."

From judgment overruling the demurrer, the defendant appeals.

*Wm. H. Abernathy for plaintiff, appellee.*

*Brooks, McLendon, Brim & Holderness and Hubert Humphrey for defendant, appellant.*

JOHNSON, J. Decision here turns on whether the plaintiff is the real party in interest, within the purview of G.S. 1-57, and as such has the right to maintain this action.

The defendant insists that since the plaintiff is not a party to the collective labor contract or to the arbitration, she may not maintain the action. The defendant further contends that if any action of this type is appropriate, it must be brought by the labor union. On the other hand, the plaintiff insists that she as a third party beneficiary is entitled to sue into the contract for back pay and other benefits due her under the terms of the contract. These contentions were resolved in favor of the plaintiff by the court below, and our study of the complaint leaves the impression that the ruling is correct.

The third party beneficiary doctrine is well established in our law. Stated in general terms, and leaving out of consideration certain limitations and exceptions (12 Am. Jur., Contracts, Sections 279 to 284), the rule is that a third person may sue to enforce a binding contract or promise made for his benefit, even though he is a stranger both to the contract and to the consideration. *Trust Co. v. Processing Co.*, 242 N.C. 370, 371, 88 S.E. 2d 233; *Canestrino v. Powell*, 231 N.C. 190, 56 S.E. 2d 566, and cases cited. For valuable analysis of third party beneficiary decisions of this Court, see 13 N. C. Law Review, p. 94 *et seq.* See also 12 Am. Jur., Contracts, Section 277; 39 Am. Jur., Parties, Section 21; Annotation: 81 A.L.R. 1271, 1281.

A comprehensive annotation on the subject of "Right of Individual Employee to Enforce Collective Bargaining Agreement against Employer," appears in 18 A.L.R. 2d p. 352 *et seq.* This treatise, embracing collation of cases from various jurisdictions, discloses that by what appears to be the decided weight of authority it is generally held that an employee may maintain an action to enforce a collective labor contract made between the labor union and the employer, in respect to provisions inserted in the contract for the benefit of the employee. This is particularly so with respect to wage provisions. See Annotation 18 A.L.R. 2d 352, 365. See also Annotation 95 A.L.R. 10, 41; 31 Am. Jur., Labor, Section 119 (1955 Supp.); 56 C.J.S., Master and Servant, Section 28 (83) b., p. 270, and 1955 Supp. The rule is supported in

principle by what is said in these decisions of this Court: *James v. Dry Cleaning Co.,* 208 N.C. 412, 181 S.E. 341; *Coley v. A. C. L. R. R.,* 221 N.C. 66, 19 S.E. 2d 124.

In *James v. Dry Cleaning Co., supra,* the plaintiff sued for back salary due under the President's Re-employment Agreement, made pursuant to the National Industrial Recovery Act. *Stacy, C. J.,* speaking for the Court, said: "That the plaintiff is entitled to sue upon the 'President's Re-employment Agreement,' voluntarily signed by the defendant, either in equity, under the doctrine of subrogation, or at law, as upon a contract made for the benefit of a third person, is fully established and supported by the decisions in this jurisdiction."

In the case at hand the complaint alleges these crucial facts: (1) the existence of a collective labor contract between the defendant and the labor union, under which the plaintiff as an employee was entitled to contract benefits, and (2) that the plaintiff was required to work under an increased work load assignment, or stretch out, in violation of the contract, and for which violation the plaintiff is entitled to back pay under the terms of the contract. These allegations and others of a supporting nature, when taken as true, as is the rule on demurrer, are sufficient to support the inference that the defendant violated contractual provisions inserted in the contract for the benefit of the plaintiff, for the alleged breach of which she is entitled to recover.

It necessarily follows that the demurrer was properly overruled. The plaintiff is entitled to an opportunity to offer her evidence and see if she can make good the allegations of her complaint.

The fact that disputed provisions of the contract have been arbitrated under the procedure outlined in the contract does not make the question here presented one of arbitration and award under our Uniform Arbitration Act. G.S. 1-544 *et seq.* Nor does our statutory procedure for the voluntary arbitration of labor disputes as contained in Chapter 95, Article 4 (a), of the General Statutes (G.S. 95-36.1 *et seq.*), preclude maintenance of this action by the plaintiff. These statutory methods of arbitration provide cumulative and concurrent rather than exclusive procedural remedies. See *Thomasville Chair Co. v. United Furniture Workers of America,* 233 N.C. 46, 62 S.E. 2d 535; *Skinner v. Gaither Corp.,* 234 N.C. 385, 67 S.E. 2d 267; *Brown v. Moore,* 229 N.C. 406, 50 S.E. 2d 5.

Here the arbitration agreement is governed by the common law. The complaint alleges that the grievances of the workers in respect to the increased work load, or stretch out, have been arbitrated under the agreement; that the arbitrator's decision determines that the defendant has violated the terms of the contract, and that by reason thereof the plaintiff is entitled to an adjustment of wages and back pay; that the

defendant has failed to comply with the arbitrator's decision and has refused to make the adjustment due the plaintiff in accordance with the terms of the contract. These allegations in nowise preclude the plaintiff, a third party beneficiary, from recovering for an alleged breach of contract. On the contrary, when taken as true on demurrer, the allegations tend to make the plaintiff's right to recover more definite and certain.

The decisions cited and relied on by the defendant are either factually distinguishable or are not considered controlling with us.

The judgment below is
Affirmed.

Devin, J., took no part in the consideration or decision of this case.