PER CURIAM.
Appellant, plaintiff in the trial court, seeks review of an order granting the motion of the defendant for a summary judgment after a trial had commenced but before any evidence had been taken.
The appellee issued a group life insurance contract loan protection to the Miami F.A.A. Credit Union for death or disability in connection with various loans or credit transactions.[1] The appellant borrowed money from the Credit Union, coming under the aforementioned insurance policy. On August 6, 1970, the appellant claims to have suffered a total and permanent disability. At that time, there was an outstanding balance due to the Credit Union. Thereafter, the appellee refused to pay off the loan pursuant to the policy. As a result, the appellant instituted the instant suit, seeking to recover under the policy.[2] Issue was joined and the cause proceeded to trial. Immediately prior to the trial, the plaintiff satisfied the loan. Subsequent to impaneling and recessing the jury, but prior to taking any evidence, the appellee moved to dismiss for failure to join an indispensable party, the Credit Union. The appellant contended there was no outstanding loan balance; thus it wasn’t necessary to join the Credit Union. At this time, the question was first raised as to the effect of satisfaction of the loan on the policy. There was some confusion but it appears that the appellant moved for a voluntary dismissal without obtaining a ruling thereon. The appellee then moved for summary judgment and the trial court held the motion for voluntary dismissal untimely and entered the final judgment appealed.
At the time the matter came on for trial and at the time the jury was impanelled, for the first time a new element was injected into the issues before the court. The plaintiff, upon recognizing the difficulty in proceeding with the cause in light of the issues as framed by the pleadings, moved for a voluntary non-suit which should have been granted.
Therefore, the final judgment here under review be and the same is hereby reversed, and the cause remanded with directions to permit the plaintiff to file an amended complaint.
Reversed and remanded with directions.

. “Coverage. The insurable loan balance of a Member at the time of his death or total and permanent disability will be paid to the Credit Union by CUNA Mutual as provided on the face of this Contract. In the event that the insurable loan shall be in default of payment of principal and/or interest, the coverage herein provided shall include interest only from the date of the last payment made on the principal to the date of death or of total and permanent disability, but in no event for a period of longer than six months. * * * ”

. Allstate Life Insurance Co. v. Weldon, Ma.App.1968, 213 So.2d 15; Newsome v. Prudential Insurance Company of America, 4 N.C.App. 161, 166 S.E.2d 487.