COMMUNITY BANK OF CAROLINA, PLAINTIFF v. EMILY E. McKEN-ZIE, DEFENDANT v. ROBERT C. EMANUEL, JR., DEFENDANT AND THIRD PARTY PLAINTIFF v. LIFE ASSURANCE COMPANY OF CAROLINA, THIRD PARTY DEFENDANT

No. 7618DC598

(Filed 5 January 1977)

1. Insurance § 44— credit disability insurance — real party in interest — accommodation maker of note

An accommodation maker of a note which included the premium for a credit disability policy providing for payment of installments of the note if the accommodated comaker became disabled was a real party in interest who could maintain an action on the disability policy.

2. Insurance § 44— credit disability insurance — sufficiency of findings

The trial court did not err in allowing the third party plaintiff to recover on a credit disability insurance policy issued to the maker

Bank v. McKenzie

of a promissory note to a bank without making specific findings as to the terms of the contract of insurance where the evidence was sufficient to support the court's findings that the insurer became obligated under the policy to make monthly payments of $113.64 on the note when the maker became disabled in a certain month and to continue making those payments during her disability, that when those payments were not made the bank declared the unpaid balance of $2,727.36 immediately due and payable, and that by virtue of the policy and the insured's continued disability, the insurer became obligated to pay the amount of $2,727.36, and where there was never any dispute or question with respect to the terms of the policy.

APPEAL by Third Party Defendant, Life Assurance Company of Carolina, from *Fowler, Judge.* Judgment entered 27 April 1976, District Court, Greensboro Division, GUILFORD County. Heard in the Court of Appeals 8 December 1976.

Plaintiff brought this action against Emily E. McKenzie and Robert C. Emanuel, Jr., alleging that the defendants executed and issued to plaintiff their promissory note payable to plaintiff in the amount of $4,091.04 payable in 36 consecutive monthly installments of $113.64 each. Plaintiff further alleged that the note expressly provided that in the event any installment be not paid when due, the entire balance shall become due and payable at the option of the holder; that defendants are at least five payments behind, and plaintiff has elected to declare the unpaid balance due; that demand has been made, but defendants have refused to pay. Plaintiff seeks to recover $2,727.36 plus interest and attorney's fees.

Emily McKenzie failed to answer the complaint, and a default judgment was entered against her for the full amount of the claim, including interest and attorney's fee of $409.10.

Defendant Emanuel filed answer, cross-claim, and third party complaint. In his answer he admitted the execution of the note but denied that the "unpaid balance for which defendants are indebted to the plaintiff is $2726.36," and denied that plaintiff was entitled to attorney fees. As a second defense, he averred that at the time the loan was made, the plaintiff, acting as agent for Life Assurance Company of Carolina, required defendants to purchase disability insurance; that insurance, insuring the paying of the installments to plaintiff in event Emily McKenzie became disabled, was purchased by defendants at a cost of more than $100; that subsequently, and during the life of the loan, Emily McKenzie did become disabled; that defend-

ant Emanuel advised plaintiff of her disability and that under the contract of insurance defendants were entitled to have payments on the loan made by the Life Assurance Company of Carolina; that, though so advised, plaintiff refused to process a claim under the policy, even though plaintiff had sold the coverage as agent for the insuring company; that plaintiff's failure to notify the insurance company constitutes a breach of duty and plaintiff must first recover the payments from the insurer prior to looking to defendants for payment.

As a third defense, defendants averred that in seeking to recover the entire balance due, plaintiff had failed to credit defendants with unearned interest, and if plaintiff is allowed to recover the amount prayed for, plaintiff would have earned usurious interest.

As a fourth defense and cross-action, defendant Emanuel averred that he signed the note as an accommodation maker but that Emily McKenzie received all proceeds of the loan; that he made payments on the loan from 3 April 1973, through 21 January 1974, for a total of $1,142.76 when defendant McKenzie defaulted; that he is entitled to recover that amount from defendant McKenzie together with such other amounts as he may be obligated to pay to plaintiff under the note.

By his third party complaint, Emanuel, as third party plaintiff alleged the execution of the note; the requirement of plaintiff bank that insurance be obtained; that insurance was obtained from third party defendant, Life Assurance Company of Carolina, which agreed to make payments in the event of the disability of Emily McKenzie; that defendants Emanuel and McKenzie paid the premium for such insurance; that plaintiff, at all times, was acting as agent of third party defendant; that subsequently Emily McKenzie became disabled and, by reason of her disability, third party defendant became obligated to make payments on the note while she was disabled; that it had failed to do so, although its agent, plaintiff herein, had been repeatedly advised of the disability; that third party plaintiff had paid some $1,142.76 on the note after Emily McKenzie became disabled and is being requested by plaintiff to pay an additional $2,727.36 plus interest; that third party plaintiff is entitled to recover from third party defendant the sum of $1,142.76 plus such other sums as he may be adjudged to owe plaintiff on the note.

Bank v. McKenzie

McKenzie did not answer the cross-claim. The third party defendant filed an answer in which it admitted only that it had issued its single premium credit life and accident and health insurance policy #234-12241 insuring Emily McKenzie in connection with a loan by plaintiff on or about 5 May 1972. By additional defenses, it averred that third party plaintiff is not the real party in interest; that no notice had been given or proof of loss filed in compliance with the policy requirements; denied that Emily McKenzie suffered total disability or any disability as a result of injury or sickness contracted after the issuance of the policy.

Prior to trial, the parties stipulated the execution of the note, the provisions thereof; that the makers are in default; that demand for payment of the entire balance has been made with refusal to pay; that plaintiff has exercised its option of declaring the entire unpaid balance due and payable, and that defendants have failed to pay the balance due.

At trial, plaintiff bank put on evidence as did defendant Emanuel. Third party defendant offered as its evidence its Exhibit 1, the form insurance policy.

The trial court made extensive findings of fact and upon the facts found made appropriate conclusions of law. He entered judgment ordering that plaintiff have and recover of Emanuel the sum of $2,727.36 with interest from the date of the judgment; that Emanuel have and recover of McKenzie the sum of $1,142.76 together with interest from the date of the judgment, and that Emanuel have and recover of the third party defendant Life Assurance Company of Carolina the sum of $2,727.36, with interest from the date of this judgment.

Third party defendant appeals from the judgment assigning error to certain findings of fact and conclusions of law.

*Brooks, Pierce, McLendon, Humphrey and Leonard, by Edgar B. Fisher, Jr., for third party plaintiff appellee.*

*Morgan, Byerly, Post, Herring and Keziah, by Steven E. Byerly, for third party defendant appellant.*

MORRIS, Judge.

Although appellant excepted to several of the findings of fact and conclusions of law, it brings forward only two. Those

not brought forward and argued in appellant's brief are deemed abandoned. Rule 28(a), North Carolina Rules of Appellate Procedure.

**[1]** Appellant first contends that the trial court committed reversible error in " . . . concluding as a matter of law that defendant Emanuel was a real party in interest to the insurance contract alleged in this matter and allowing recovery by Emanual on the contract."

The conclusion of law to which defendant excepts and which it assigns as error is numbered 5 and is as follows:

> "The said Single Premium Credit Life and Accident and Health Insurance Policy was written to protect the plaintiff in the repayment of its loan in the event of the disability of McKenzie, and also said policy was written to protect McKenzie and also Emanuel from suffering loss in the event that McKenzie became disabled and unable to be gainfully employed. Said policy, therefore, was written for the protection not only of the plaintiff, but also for the protection of the two defendants herein who were obligated under said promissory note. In addition, the premium for said policy was included in the promissory note, and the obligation to pay the premium thereof became the obligation of both McKenzie and Emanuel. The insurance in question, therefore, was written for the benefit of the creditor and also for the benefit of each of the two debtors in connection with said loan. The defendant Emanuel, therefore, is a real party in interest and has the legal right to assert a claim against the third-party defendant in connection with benefits to be paid under said insurance policy."

Appellant correctly contends that G.S. 1-57 requires that every action be prosecuted in the name of the real party in interest. It argues that Emanuel cannot be classified as the real party in interest because he does not fit the definition of having an interest in the subject matter of the litigation and not merely an interest in the action, *Rental Co. v. Justice,* 211 N.C. 54, 188 S.E. 609 (1936), and because a payment to him would not protect defendant from the claims of third parties. *Home Indemnity Co. v. State Bank,* 233 Iowa 103, 8 N.W. 2d 757 (1943). It argues that, assuming it is obligated under the policy, it would not only be obligated to third party plaintiff

Emanuel, it would also be subject to suit by the bank should Emanuel avoid execution on the judgment against him.

We think appellant's arguments are effectively answered by *Newsom v. Insurance Co.,* 4 N.C. App. 161, 166 S.E. 2d 487 (1969). There, the plaintiff administratrix sought to recover from defendant insurance company the amount due on a conditional sales contract executed by her husband for the purchase of an automobile from S & E Motors. The conditional sales contract provided that the time balance included the amount of the premium for creditor life insurance on the life of the purchaser. The purchaser, plaintiff's husband, died while the creditor life insurance was still in full force and effect. Defendant insurance company was notified of his death but refused to pay the balance owing on the conditional sales contract. Subsequently GMAC repossessed the automobile because of failure to pay the amount due. Defendant demurred on the ground that GMAC and not plaintiff was the real party in interest. The trial court sustained the demurrer. We reversed. Judge Parker, in an opinion in which Mallard, C.J., and Brock, J., (now C.J.), concurred, said:

> "The fact that the insured's estate, plaintiff herein, is not named directly as beneficiary in the insurance policy issued by the defendant company, is no bar to plaintiff's right to maintain this suit. North Carolina has long recognized the right of one for whose benefit a contract has been made to sue to enforce its terms, even though he is not directly a party to the contract. *Lammonds v. Manufacturing Co.,* 243 N.C. 749, 92 S.E. 2d 143. Here the creditor life insurance was clearly for the benefit of the insured's estate in that the proceeds of the policy were, by contractual and statutory provision, to be applied to discharge an indebtedness of the estate. If defendant insurance company fears it might incur double liability, both to the named beneficiary and to the insured's estate, it can protect itself by way of interpleader. G.S. 1-73; 1 McIntosh, N. C. Practice and Procedure, § 728." *Id.* at 168-69, 166 S.E. 2d at 492.

Here the third party plaintiff obligated himself to pay the premium. Indeed he paid a portion of the premium in the installments which he paid when Emily McKenzie defaulted, the premium having been added to the loan. The protection he seeks is that for which he paid, and it is the risk which the

third party defendant insurer agreed to assume. This assignment of error is overruled.

[2]  By assignment of error No. 3, based on exceptions 4, 6 and 8, appellant takes the position that the court erred in allowing Emanuel to recover against the third party defendant without finding facts as to the terms of the alleged contract of insurance. While it is true that third party plaintiff did not offer into evidence the contract of insurance issued, nevertheless, there is sufficient evidence in the record to support the finding of fact to which appellant excepts. The court found that under the policy, the insurance company became obligated to make monthly payments of $113.64 on the note in question in February 1974, under McKenzie's disability, and to continue making those payments during her disability. When those payments were not made, the bank, as it had a right to do, declared the unpaid balance of $2,727.36 immediately due and payable. The court further found that by virtue of the policy and McKenzie's disability, the insurance company became obligated to pay the amount of $2,727.36.

By its answer to the third party complaint, third party defendant, appellant, admitted that on or about 5 May 1972, it issued its single premium credit life and accident and health insurance policy #234-12241, insuring Emily McKenzie in connection with an indebtedness to plaintiff. Exhibit No. 1 of defendant (third party plaintiff) is the agent's (bank) copy of "Certificate of Policy Issue—Life Assurance Company of Carolina" certifying that Policy Number 234-12241 had been issued to insured, Emily E. McKenzie, 108 Orville Drive, High Point; that insured's age was 33; that the date of the loan was 5/5/72 for a term of 36 months and in the amount of $4,091.04; that the name of the creditor was Community Bank of Carolina; that the single premium for "life" was $122.73 and for "accident and health" $155.46; that the minimum disability period was "14 Day Retro" and the "Commencement Date" was "1 day." The certificate further stated that a policy bearing the identical number and containing the identical information shown in the "above Schedule" had been issued to "the above named Debtor." The witness for the bank identified third party defendant's Exhibit as a copy of an insurance policy which was the same form used at the time the loan was made. He further testified, and it is obvious from the exhibits, that third party defendant's Exhibit No. 1 (the form policy) and the Certificate of Policy Issue bear

the same form number, which is Form 322-165.1. The third party defendant's Exhibit No. 1 was stated by appellant in the record to be " . . . *the* form insurance policy . . . " . That exhibit bears the identical format and schedule at the top of the policy as does the "Certificate of Policy Issue." That form policy requires the company, upon proof of disability of insured debtor to pay " . . . indemnity for the period of such disability that falls within the Term, beginning with the day of such disability designated in the Schedule as 'Commencement Date', at a monthly rate not to exceed $150, determined by dividing the Amount of Loan by the number of months in the Term . . . " . Witness for the bank testified that the "pay-off" on the policy the bank usually wrote for third party defendant was the amount of the monthly payment. Indeed by the terms of G.S. 58-254.8 " . . . [t]he amount of credit accident and health insurance written shall not exceed the installment payment." The amount of the remaining installments is the amount for which the court held third party defendant liable. The evidence was plenary to support the court's finding that Emily McKenzie had been disabled from February 1974 to the time of the trial of the action. The terms of the policy with respect to notice of claim and time of filing claim are set out in third party defendant's answer. It does not except to any finding as to notice. We think the court had before it sufficient evidence to support its finding of fact No. 5 and the finding supports the conclusion of law based thereon. Defendant cannot now be heard to complain that the terms of the policy were not introduced by third party plaintiff. It is obvious there was never any dispute or question with respect to the policy terms. This assignment of error is without merit.

The judgment of the trial court is

Affirmed.

Chief Judge BROCK and Judge BRITT concur.